UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFFORD DOLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4474** |
| **ATTORNEY GENERAL LOUISIANA, ET AL.** | **SECTION "S"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Clifford Doleman, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Louisiana Attorney General, the Orleans Parish District Attorney, Court Reporter Charlene Faucheaux, the Judicial Administrator of the Orleans Parish Criminal District Court, the Judicial Administrator of the Louisiana Supreme Court, Byron Williams, and the Clerk of the Orleans Parish Criminal District Court. Plaintiff claims that his rights were violated when the court reporter failed to transcribe a bench conference from plaintiff's state criminal trial for use in his direct appeal and when the Louisiana Fourth Circuit Court of Appeal ruled on that appeal without having a complete transcript. As relief, he is seeks only monetary damages.[1]

---

[1] Plaintiff expressly states that he "does not seek immediately [sic] or speedier release." Rec. Doc. 1, p. 5. He makes that statement based on an obvious awareness that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

I.  Facts

On April 25, 2001, plaintiff was convicted of armed robbery. State v. Doleman, 835 So.2d 850, 854 (La. App. 4th Cir. 2002). On June 13, 2001, he was found to be a second offender and was sentenced as such to a term of one hundred ninety-eight years imprisonment without benefit of parole, probation, or suspension of sentence. Id. On December 4, 2002, that conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal. Id. at 862. His related writ application was then denied by the Louisiana Supreme Court on September 19, 2003. State v. Doleman, 853 So.2d 633 (La. 2003).

On or about December 12, 2003, plaintiff challenged that state conviction by filing a petition for federal *habeas corpus* relief. That petition was dismissed with prejudice on September 24, 2004. Doleman v. Cain, Civ. Action No. 03-3596 (E.D. La. Sept. 24, 2004). On November 9, 2004, the United States Fifth Circuit Court of Appeals dismissed his related appeal for want of prosecution. Coleman v. Cain, No. 04-31010 (5th Cir. Nov. 9, 2004). On two occasions thereafter he was denied authorization to file successive federal *habeas corpus* petitions. In re Doleman, No. 08-30966 (5th Cir. Nov. 4, 2008); In re Doleman, No. 09-31096 (5th Cir. Feb. 2, 2010).

II.  Standard of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

... is frivolous ...." 28 U.S.C. § 1915A(b)(1). These requirements apply even in cases, such as this one, where the plaintiff has paid the required filing fee. Lerma v. Falks, 338 Fed. App'x 472, 473 (5th Cir. 2009); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[2] the undersigned finds that the complaint should be dismissed because it is frivolous.

### III.  Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus,

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

In the instant case, plaintiff claims that the failure to transcribe a bench conference during his state criminal trial violated his rights because the transcript was "needed to afford him a complete appeal." Because he is arguing that his right to direct appellate review was adversely affected, and because a finding in his favor on that issue by this federal court would necessarily imply the invalidity of his state court criminal conviction,[3] his claims are barred by Heck until such time as that conviction has been invalidated. See, e.g., Rose v. Paterson, 152 Fed. App'x 589, 590 (9th Cir. 2005) ("Because the assessment of damage, if any, for an inaccurate transcript would be measured by its effect on [plaintiff's] ability to challenge his criminal conviction on appeal, we conclude that this claim is precluded by Heck."); Maynard v. Casebolt, No. 99-5211, 2000 WL 1005265, at *3 (10th Cir. July 20, 2000) ("[Plaintiff's] claim that defendants conspired to deprive him of the records and transcripts necessary to appeal his 1991 conviction necessarily implies the invalidity of his conviction. Because [plaintiff's] conviction has not been invalidated, this claim is

---

[3] Louisiana law provides: "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." La. Const. art. I, § 19; see also La.C.Cr.P. art. 912.1; State v. Arceneaux, 983 So.2d 148, 150 (La. App. 5th Cir. 2008) ("There is a constitutional right in Louisiana to an appeal."). Moreover, once a state has established a right to appeal, federal law requires that the right "not be abrogated or otherwise administered in a way which denies an appellant of the constitutional right to due process or equal protection." Able v. Bacarisse, 131 F.3d 1141, 1143 (5th Cir. 1998).

not cognizable under § 1983, and was properly dismissed under Heck."); Penilton v. Sacramento County, No. CIVS-032559, 2005 WL 1366490, at *1 (E.D. Cal. May 13, 2005) ("Plaintiff's claims are barred by Heck because if the defendants ... refused to ... provide transcripts ... any determination of these claims in a civil suit would necessarily call into question the validity of the judgment or the sentence.") (Mueller, M.J.), *adopted*, 2005 WL 1397376 (E.D. Cal. June 10, 2005) (Damrell, J.). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.[5]

---

[4] Even if plaintiff were somehow able to successfully argue that Heck would not bar one or more of his claims, it would not aid him. If Heck did not bar him from filing suit on any such claim, the statute of limitations would have required that he file suit on that claim long ago. It is clear that "[u]nder federal law, the limitations period [for a § 1983 claim] begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (quotation marks and brackets omitted). From the time the limitations period commences, a Louisiana plaintiff has only *one year* in which to file suit under § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). In the instant case, plaintiff's claims are based on events which occurred and were known to him no later than 2002. Therefore, he would have been required to bring any claim not impacted by Heck more than seven years ago, and any such claim would now be prescribed. Prescribed claims are likewise properly dismissed as legally frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

[5] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this nineteenth day of January, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.